Turley, J.
delivered the opinion of the court.
This is an action of covenant upon a lost bond; the declaration avers the loss, and the affidavit accompanying it is defec *62 tive in not stating that the bond had not been sold, bartered, transferred, assigned or conveyed to any person or persons whatsoever, as is required by the act of 1819, chap. 27, sec. 1-The defendants pleaded a special plea of non est factum, upon which there was issue. Upon the trial of this issue, the defendants discovered a defect in the affidavit, and too k exceptions thereto; the plaintiff moved for leave to amend the defect, which the court refused to permit, and instructed the jury to return a verdict for the defendants, upon which an appeal in the nature of a writ of error is prosecuted to this court.
It is argued in behalf of the defendants in error, that a court of law has no jurisdiction of an action upon a lost bond but under the act of 1819, chap. 27, and that the defect in the affidavit (which is required by that statute to accompany the declaration) ousts the jurisdiction in this particular case.
The loss of the bond did not take away the jurisdiction of courts of law thereon, but only impaired the remedy, which in consequence thereof, was assumed by the Court of Chancery. Mr. Story in his Treatise upon Equity Jurisprudence s. 81, says, “Until a very recent period the doctrine prevailed, that there could be no remedy on a lost bond in a court of common law, because there could be no profert of the instrument, without which the declaration would be fatally defective. At present, however, the courts of law do entertain jurisdiction and dispense with profert, if an allegation of loss by time and accident is stated in the declaration. See the case of Read vs. Brockman, 3rd T. R. 151, and Petty vs. Nesbitt, 3rd T. R. 153. In the case of the executors of Cherry vs. Maner, decided by the Supreme Court of this State, in 1813, and reported in Cook’s Reports, at page 268, it is held that if in an action at law the declaration states the bond to be lost, and the defendant pleads to the merits, he cannot afterwards object that a court at law has no jurisdiction.
Now, if there had been an absolute want of jurisdiction in the court of law, this case could not have been correctly decided, because no court can give jurisdiction where it does not exist.
The act of 1819, chap. 27, does not purport to confer any *63 new jurisdiction upon the courts of law, but only prescribes the manner of suing upon lost instruments, or regulates the practice thereon.
The affidavit, if defective, is amendable, and upon objection taken to it, if in time, the court should permit an amendment and not force the plaintiff to a -non-suit, nor direct a verdict against him.
The judgment of the Circuit Court is therefore reversed, and the case remanded for a new trial.